IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Cherie McCall, | ) Civil Action No.: 5:14-1185-BHH |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

The plaintiff, Cherie McCall ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On July 27, 2015, the magistrate judge issued a Report and Recommendation in which she determined that the Commissioner's decision was supported as a matter of fact and law. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 26.) The plaintiff filed Objections on August 12, 2015 (ECF No. 28), and on August 31, 2015, the Commissioner filed a Reply (ECF No. 31). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part The plaintiff was 42 years old on her amended alleged onset date of August 12, 2010, due to "[p]anic disorder, high blood pressure, diabetes, fibyomyalgi [sic], chronic leg pain." (R at 22, 258.) She has a high school education, and has past relevant work as a fry cook, fast food manager, retail-sales manager and photographer/retail sales person. (R. at 57, 258-59.) The plaintiff's initial application was denied initially and on reconsideration. (R. at 98.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on September 21, 2009, finding that the plaintiff was not disabled. (R. at 63-94, 98-106.)

The plaintiff protectively filed a subsequent application alleging an onset date of June 11, 2005. (R. at 107, 228-29.) Her second application was denied initially and on reconsideration. (R. at 107, 116.) A hearing was held before an ALJ on October 4, 2012, at which the plaintiff amended her alleged onset date to August 12, 2010. (R. at 34-62.) The ALJ denied the plaintiff's claim in a decision dated October 26, 2012. (R. at 17-29.) The Appeals Council denied the plaintiff's request for review (R. at 1-6), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on March 31, 2014. (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 26 at 24.) The magistrate judge makes only a recommendation to this Court. The

2

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v.*

*Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**DISCUSSION**

The plaintiff filed objections to the Report and Recommendation ("Objections") on August 12, 2015 (ECF No. 28), and the Commissioner filed a reply on August 26, 2015 (ECF No. 31). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged failure to properly consider the effects of the plaintiff's syncope and obesity on her ability to perform work. The Court will consider each specific objection in

4

turn.[1]

The plaintiff first asserts that the magistrate judge and ALJ failed to consider the possibility that the side effects of her syncope – unexpected loss of consciousness – can arise regardless of the activity and not simply when the plaintiff is working around hazards or driving.  This is a slightly strained view of what the ALJ intended by the limitation.  In accommodation of her syncope, the ALJ found that, through her date last insured, the plaintiff had the residual functional capacity (RFC) to "perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant was unable to work with the general public or in close coordination with others, but could work in proximity to others. She should have avoided work place hazards and commercial driving." (R. at 24.)  First, the limitation cited, with respect to hazards and driving, was not some indication that the risks associated with loss of consciousness posed by syncope only arise during those activities but that those risks are at their most dangerous in the context of such activities.  (R. at 26.)  Secondarily, the ALJ fully assessed the plaintiff's syncope and concluded that its quality was not entirely of the kind she professed.  *Id.*  And, so the plaintiff's argument as to the environs, in which she can work, misapprehends the main point of the ALJ's analysis that the impairment simply did not justify significant limitation of any kind. Indeed, as the defendant emphasized from the Report and Recommendation, "'[a]lthough the evidence is limited, the [ALJ] gave the claimant the benefit of the doubt based on her treatment history by finding that panic disorder and syncope were severe

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent.  Exhaustive recitation of law and fact exists there.

impairments.'"  (R&R at 18-19 (quoting R. at 26).)  There is no error, in the way the plaintiff has alleged.  Syncope was fully considered and, as the magistrate judge found, the corresponding limitations prescribed were supported by the substantial evidence of record.

The plaintiff additionally argues – as she did in her opening brief and on reply – that the ALJ erred in not finding obesity a severe impairment.  The magistrate judge, however, correctly found that the plaintiff "does not reference anything in the record concerning her alleged obesity's impact on her ability to work or perform any functional activities."  (R & R. at 22).  Indeed, the plaintiff – who was represented – never alleged in her application or at the hearing that obesity was disabling.  (R. at Tr. 34-62, 258.)

Apparently for the first time anywhere, the plaintiff cites the records of a Dr. Plyler in support of a diagnosis of obesity.  (R. at 447-48, 464.)  It is hard to find fault in either the ALJ's or the magistrate judge's consideration where the plaintiff has abdicated her burden to establish limitation, as the magistrate judge recognized.  But, more importantly, the evidence still does not meet the critique of the magistrate judge, namely, that the plaintiff has not shown evidence of *limitation* following therefrom.  So even were the Court to credit the diagnostic evidence, it is harmless for its inability to suggest that the determination of the ALJ would have been any different for it.  *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating claimant's pain because "he would have reached the same conclusion notwithstanding his initial error").

## CONCLUSION

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply.  The

6

Court concurs in the recommendation of the magistrate judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order.  The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks<br>United States District Judge

September 22, 2015
Greenville, South Carolina